

O-452-A

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

MANN
NERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Supplemental Opinion No. 0-452-A
Re: Whether an independent school
district may contract with an
attorney to collect delinquent
taxes for 15% thereof as his
fees.

On March 9, 1939, you requested our opinion as to
whether an independent school district may legally contract
to employ an attorney to collect delinquent taxes paying
him 15% of the taxes collected as his fees. On March 13,
1939, we addressed to you our opinion No. 0-452 answering
your question in the negative. In expressing that view
we relied upon the case of City of Houston v. Dabney, 120
S. W. (2) 437, opinion by the Commission of Appeals in which
it was held that a city cannot make such a contract with an
attorney and pay him such a percentage out of the amount col-
lected. It was our view that under Article 7343, Revised
Civil Statutes, the situations of a city and an independent
school district were so similar that the Houston v. Dabney
case would control the same question with reference to an
independent school district. In the case of Bell v. Mans-
field Independent School District, 124 S. W. (2) 855, the
Court of Civil Appeals of Fort Worth, citing the case of
Houston v. Dabney, supra, held the same as our opinion of
March 13, 1939. The opinion of the Fort Worth Court of
Civil Appeals was handed down on January 20, 1939, and re-
hearing was denied on February 17, 1939. An application for
writ of error was filed in that case which was at first re-
fused by the Supreme Court but upon a motion for rehearing
a writ of error was granted and on June 21, 1939, the Supreme
Court reversed the holding of the Court of Civil Appeals in

the Bell v. Mansfield Independent School District case, holding that independent school districts may lawfully enter into such contracts and pay a compensation not to exceed 15% of the amount collected to the contracting attorney. This, of course, necessitates the reversal of our opinion dated March 13, 1939, upon this question and we now overrule that opinion and answer the question submitted in your letter of March 9, 1939, in the affirmative.

We would direct your attention to the fact that in its opinion the Supreme Court expresses the view that it is not necessary for such contracts to be submitted to the Comptroller and the Attorney General for their approval.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

GRL:FL

APPROVED JUN 28, 1939

ATTORNEY GENERAL OF TEXAS